IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DONELL RICE,  <br>         Plaintiff, | ) <br> ) | |
| vs. | ) | No. 3:10-CV-741-O (BH) |
| | ) | |
| CAREY D. COCKELL, et al., | ) | Referred to U.S. Magistrate Judge |
|         Defendants. | ) | |

### FINDINGS, CONCLUSION AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* prisoner case has been referred for findings, conclusions and recommendation. Before the Court is the plaintiff's *Motion for Leave to Proceed to File Motion for Rule 60(b) and In Forma Pauperis*, received January 17, 2019 (doc. 9). Based on the relevant filings, evidence and applicable law, the motion should be **DENIED**.

### I.  BACKGROUND

Reginald Donell Rice (Plaintiff), an inmate in the Texas Department of Criminal Justice, filed a civil rights action against three individuals for alleged violations of his constitutional rights in connection with state proceedings to terminate his parental rights and to place his infant daughter in the custody of Child Protective Services. (*See* doc. 1.) The case was dismissed on June 7, 2010, because Plaintiff was barred from proceeding *in forma pauperis* under the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and he did not pay the filing fee. (*See* docs. 7, 8.)

Plaintiff now seeks leave to file a motion under Fed. R. Civ. P. 60(b) and an application to proceed *in forma pauperis*, which he attached to his motion. His proposed Rule 60(b) motion claims that counsel was appointed to represent him, counsel persuaded him to sign papers to transfer this case to the United States District Court for the Eastern District of Texas, he was not in a right state of mind to make the decision to transfer the case, and that counsel should not have insisted that he

transfer this case. Because counsel was not appointed in this case, it appears that Plaintiff is referring to a prior case against the same defendants in this district, No. 3:07-CV-2025-D, which e voluntarily dismissed in June 2008. He asks that this case be reopened under Rule 60(b). (*See* doc. 9-1 at 2-3.)

## II.  FED. R. CIV. P. 60(b)

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).  A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). *See* FED. R. CIV. P. 60(c)(1).

Plaintiff has not alleged or shown mistake, newly discovered evidence, fraud, or a void or satisfied judgment that would entitle him to relief under Rule 60(b)(1)-(5).  His motion may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).  This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).  Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth factors to consider when evaluating a motion under this clause: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Plaintiff has not met these standards. This case was dismissed because he was barred from proceeding *in forma pauperis* and he did not pay the filing fee, and he is still barred from proceeding *in forma pauperis* by operation of the three-strikes rule. He has not shown that he is entitled to relief from the judgment in this case.

### III. RECOMMENDATION

Plaintiff's motion for leave to file a Rule 60(b) motion and application to proceed *in forma pauperis* should be denied.

**SIGNED this 22nd day of January, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE